[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence August 5, 1987 Date of Application August 5, 1987 Date Application Filed August 5, 1987 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. 52172.
Michael A. Peck, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
A question having arisen as to whether or not petitioner's application for sentence review was filed within the time limited by General Statutes § 51-195 an evidentiary hearing was held to determine this question. From such evidence, it is found that petitioner's application for sentence review was filed within the statutory time.
After trial by jury, petitioner was convicted of robbery in the first degree in violation of General Statutes §53a-134(a)(3); burglary in the first degree in violation of General Statutes § 53a-101(a)(1); kidnapping in the first degree in violation of General Statutes § 53a-92(a)(2)(B); carrying a dangerous weapon in violation of General Statutes § 53a-206. A sentence a fifteen years was imposed on the first count; seven years concurrent on the second count; eighteen years, execution suspended after five years and five years probation consecutive to count one was imposed on the third count; on the fourth count a concurrent sentence of two years was imposed. The total effective sentence was thirty three years execution suspended after twenty years and five years CT Page 10940 probation.
The facts underlying petitioner's conviction indicate that on April 19, 1986 he robbed a gas station at knife point. The victim, a clerk, triggered a silent alarm before being placed in a storage closet.
Petitioner's attorney argued that the sentence was excessive under the circumstances. The attorney argued that when considering petitioner's age and other factors the sentence was excessive and should be reduced.
Speaking on his own behalf, petitioner argued that the sentence was too long and was disproportionate. He expressed remorse for his prior criminal activities and requested that the sentence be reduced.
The state's attorney argued against any reduction. He stated that the crime involved an armed robbery in which a knife was used. The attorney also stated that petitioner's long criminal record required a substantial sentence.
In imposing sentence in this matter the trial judge had before him petitioner who had been convicted of serious crimes involving an armed robbery with the threat of serious harm to the victim. The offenses constituted petitioner's fourteenth conviction. Prior convictions included assault, violation of probation and two robberies.
The record indicated that the sentencing judge carefully considered petitioner's prior criminal record and his propensity towards violent acts. The judge properly considered that petitioner was a danger to society.
In imposing sentence, it was appropriate for the sentencing judge to consider the nature of the offense, the character of the offender and the necessity of protecting the public as well as deterring others from the commission of such crimes.
Considering all of the factors which this division is obligated to consider it cannot be found that the sentence was inappropriate or excessive. Practice Book § 942.
Sentence affirmed. CT Page 10941
Purtill, J.
Klaczak, J.
Stanley, J.
Purtill, J., Klaczak, J. and Stanley, J. participated in this decision.